ROBERT M. STITT and Another v. RAT PORTAGE LUMBER COMPANY and Another.[1]

November 15, 1907.

Nos. 15,337—(35).

**Amendment of Decree.**

In an action to determine whether certain conveyances, apparently absolute, were in fact mortgages, there was no dispute as to what lands had been conveyed. The issue was as to the nature of the conveyances. The findings for the plaintiff properly described all the many tracts involved, except the eighteen here in issue, which were erroneously described. The decree described those tracts correctly. Defendant retained a certified copy of it for more than a year without objection. By order of the court, the redemption money was deposited, and afterward paid to the defendant, who executed a receipt in full. On discovering the discrepancies between the findings and the decree, defendant procured an order to show cause why the decree should not be amended by excluding the descriptions of real estate not included in the findings. No part of the redemption money paid or received was returned or tendered. It is *held* that the trial court properly discharged the order to show cause.

[1] Reported in 113 N. W. 901.

102 M.—22

Action in the district court for Itasca county. The history of the case is stated in the opinion. After the decision of the former appeal (96 Minn. 27) an order to show cause why the final decree should not be amended by striking out certain descriptions of real estate was discharged. From the order, McClenahan, J., discharging the order to show cause, defendants appealed. Affirmed.

R. R. *Briggs,* for appellants.

H. B. *Fryberger,* for respondents.

JAGGARD, J.

This action was tried before the court, and resulted on the second trial favorably to the plaintiffs. Stitt v. Rat Portage Lumber Co., 96 Minn. 27, 104 N. W. 561. The principal issue on that trial was whether certain conveyances to defendant Smith were absolute conveyances or mortgages. Attached to the complaint was Exhibit A, containing a long list of lands described by use of government subdivisions. These descriptions numbered several hundred. All but eighteen of them were correct throughout the entire proceedings. In course of trial the lands were constantly referred to by names of different tracts, as, for example, the "Houlton" and the "Loper and Rummery" tracts. The present controversy arises out of inaccuracies in the descriptions of these eighteen tracts. In course of trial a stipulation was entered into by counsel, providing, among other things, that the court should find what lands were actually included in and covered by the contract between the parties. It was determined that the conveyances were mortgages; that plaintiffs had a right to redeem all the lands by paying into court $66,752.41, the amount found to be due under the mortgage. The court in its findings described the lands, both by reference to Exhibit A and by reference to the deeds to Smith. When the decree was entered, the errors in description in the eighteen tracts of land referred to were corrected, and the lands were otherwise, and as plaintiffs contend, correctly described. A certified copy of the decree was delivered to counsel for defendants sometime after November 6, 1905. In March, 1906, the plaintiffs procured from the trial court an order designating a depositary and directing that the money be paid to it for the benefit of the defendants herein. The depositary, having received the money from the plaintiffs, notified

the clerk of the court that it held such money. Thereafter, on April 4, 1906, the defendants obtained from the district judge an order directing the payment of the redemption money to him. On April 6 defendant executed a receipt for the full amount of said redemption money in full satisfaction of said decree, and received payment thereon. On December 14, 1906, defendant procured an order to show cause why the decree should not be amended by striking out all descriptions of real estate therein, not included in the findings and not ordered by the findings, to be included in the decree. After hearing, the court discharged the order to show cause. Thereupon this appeal was taken.

Defendants' contention is that the findings do not sustain the decree, that evidence cannot be resorted to to supplement the findings that defendants' proper remedy was by the present motion to strike out, and that plaintiffs' remedy, if they had any, was by motion to correct.

Under ordinary circumstances, without question, defendants' position would be correct. It is to be noted that the findings refer both to the pleadings and to the deeds executed to Smith. It is admitted that the reference to the pleadings did not contain the proper descriptions. It is also admitted that the deeds containing the proper descriptions were not introduced in evidence. However, plaintiffs showed that the descriptions as to these eighteen tracts inserted in the decree coincided with the descriptions in the deeds. It is true that this proof was adduced, not at the trial of the action in which the findings were made, but in this supplementary motion, which, however, was in the same action, and not in a separate proceeding to vacate or set aside the judgment. It is significant that, in the language of defendants' own brief in this case, "there was no dispute on the part of the defendants that the lands were conveyed; the issue being the nature of the conveyance." Nor do the defendants even controvert here the fact that the decree correctly described the lands in issue. If this were all there were to the case, it might be well doubted whether the court was in error in refusing to strike out the eighteen tracts in the decree. This case is, however, farther removed from the operation of ordinary rules by the following facts: That the defendants for more than a year made no objection to the decree, although they had in their possession a certified copy of it; that not only did they not object to the deposit of the redemption money, but

applied to the court for an order directing its payment to them; that they received the full redemption money for all tracts and executed a receipt for the same, and that they have retained and now retain the said redemption money; that in this proceeding they have not tendered the return of any part of it.

Rules of practice are a means for the orderly administration of justice. In ordinary cases the observance of these rules conduces to that end; but in extraordinary cases it may be that their strict application will operate to prolong litigation unreasonably and in effect to unjustly inflict hardship. We are of the opinion that to have granted the order would have subserved no proper purpose, and would have allowed technical objections to have perverted justice. The trial court properly discharged the order.

Affirmed.